IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SWIRLATE IP LLC, </br></br> Plaintiff, </br></br> v. </br></br> QUANTELA, INC </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civ. No. 22-235-CFC </br> ) </br> ) </br> ) </br> ) </br> ) |
| SWIRLATE IP LLC, </br></br> Plaintiff, </br></br> v. </br></br> LANTRONIX, INC. </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civ. No. 22-249-CFC </br> ) </br> ) </br> ) </br> ) </br> ) |

**MEMORANDUM ORDER**

WHEREAS the Court issued a Memorandum Order in these cases on January 23, 2024 (Civ. No. 22-235, D.I. 32; Civ. No. 22-249, D.I. 33);[1]

WHEREAS Plaintiff filed a Motion for Clarification and/or Modification of the Court's January 23, 2024 order and a Request for Extension (D.I. 33);

---

[1] Hereafter, all docket citations are to Civ. No. 22-235.

NOW THEREFORE, at Wilmington on this Fifteenth day of February in 2024, it is HEREBY ORDERED that Plaintiff's Motion (D.I. 33) is GRANTED IN PART AND DENIED IN PART. It is FURTHER ORDERED that this Memorandum Order modifies and supersedes the January 23, 2024 Memorandum Order and that any relief sought by the Motion not explicitly addressed by the modified provisions below is denied.

Plaintiff shall produce to the Court no later than March 14, 2024 copies of the following documents and communications that are in the possession, custody, and control of Swirlate IP LLC, Dina Gamez, David R. Bennett, Direction IP Law LLC, Jimmy Chong, and the Chong Law Firm:

1) Any and all retention letters and/or agreements between Swirlate IP LLC and Direction IP Law LLC or the Chong Law Firm.

2) Any and all communications and correspondence, including emails and text messages, that Dina Gamez had with David R. Bennett, Direction IP Law LLC, Jimmy Chong, and the Chong Law Firm Mavexar LLC, IP Edge LLC, Linh Deitz, Papool Chaudhari, and/or any representative of Mavexar LLC and/or IP Edge LLC regarding:

   a) The nature, scope, and likelihood of any liability, including but not limited to attorney fees, expenses, and litigation costs,

    Swirlate IP LLC could incur as a result of its acquisition of and/or assertion in litigation of any patent;

  b)   U.S. Patent Nos. 7,154,961 and 7,567,622 as they relate to these cases;

  c)   The retention of Direction IP Law LLC and the Chong Law Firm to represent Swirlate IP LLC in these cases;

  d)   The settlement or potential settlement of these cases;

  e)   The dismissal of these cases; and

  f)   The cancelled December 6, 2022 hearing.

3) Any and all communications and correspondence, including emails and text messages, that David R. Bennett, Jimmy Chong, any employee or representative of Direction IP Law LLC or The Chong Firm had with Mavexar LLC, IP Edge LLC, Linh Dietz, Papool Chaudhari, and/or any representative of Mavexar LLC and/or IP Edge LLC regarding:

  a)   The formation of Swirlate IP LLC;

  b)   The nature, scope, and likelihood of any liability, including but not limited to attorney fees, expenses, and litigation costs, Swirlate IP LLC could incur as a result of its acquisition of and/or assertion in litigation of any patent;

3

    c)    U.S. Patent Nos. 7,154,961 and 7,567,622 as they relate to these cases;

    d)    The retention of Direction IP Law LLC and the Chong Law Firm to represent Swirlate IP LLC in these cases;

    e)    The settlement or potential settlement of these cases;

    f)    The dismissal of these cases; and

    g)    The cancelled December 6, 2022 hearing.

Swirlate is granted leave to submit under seal responsive documents that it has good cause to believe should be submitted under seal. For any document submitted under seal, Swirlate should identify with specificity in a cover letter the reasons that Swirlate has submitted the document under seal. Swirlate shall also cite case law to support its position that any particular document should be maintained under seal.

                                                    _____
                                                    CHIEF JUDGE