# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SWIRLATE IP LLC,** | C.A. No. 1:22-cv-00235-CFC |
| Plaintiff, | |
| v. | **PATENT CASE** |
| **QUANTELA, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |
| **SWIRLATE IP LLC,** | |
| Plaintiff, | C.A. No. 1:22-cv-00249-CFC |
| v. | **PATENT CASE** |
| **LANTRONIX, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## MOTION FOR MODIFICATION OF THE
## COURT'S AUGUST 28, 2024, ORDER REQUIRING PRODUCTION OF
## ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT

September 6, 2024

OF COUNSEL:

David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

CHONG LAW FIRM, P.A.
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

*Attorneys for Plaintiff*
*Swirlate IP LLC*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

I.   INTRODUCTION ............................................................................................... 1

II.  BACKGROUND AND STATEMENT OF FACTS .......................................... 3

III. ARGUMENT ....................................................................................................... 5

    A.  The Judge as the Accuser Should Not Have Access to the Swirlate's ACP/WP Information or Adjudicate AC/WP or Admissibility Because the Judge's Impartiality Might be Reasonably Questioned ............ 6

    B.  The Court Should Seal the Courtroom for the Hearing if the Investigation Involves Ethical Violations ...................................................... 8

CONCLUSION ............................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Cendant Corp. Sec. Litig., In re*, 343 F.3d 658 (3d Cir. 2003) .................................. 6

*Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig., In re*,
  418 F.3d 277 (3d Cir. 2005) ............................................................................. 8

*Ford Motor Co., In re*, 110 F.3d 954 (3rd Cir. 1997) .................................................. 6

*Kensington Int'l Ltd., In re*,
  368 F.3d 289 (3rd Cir. 2004) ............................................................................ 8

*Paparo v. Borough of Yead*on,
  2022 U.S. Dist. LEXIS 183850, (E.D.Pa. Oct. 7, 2022) ....................................... 6

*Williams v. Pennsylvania*,
  579 U.S. 1 (2016) ................................................................................... 1, 5, 7

**Statutes**

28 U.S.C. §455(a) .................................................................................................. 5

**Rules**

Ill. Sup. Ct. R. 766 ................................................................................................ 9

Rule 13(a) of the Delaware Lawyers' Rules of Disciplinary Procedure ................... 9

Rule 83.6(e) of Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ............................................................ 8

Swirlate IP LLC ("Swirlate" or "Plaintiff"), by and through its undersigned counsel, respectfully moves for the Court to modify the order (D.I. 37)[1] so that Swirlate's attorney-client privilege and work product (collectively "ACP/WP") documents produced in response to the Court's order are inspected *in camera* by a judge that is not an accuser.  As explained below, because the Court is both the accuser and the adjudicator, "an unconstitutional potential for bias exists" for reviewing and adjudicating challenges to Swirlate's ACP/WP designations. Inspection of and challenges to Swirlate's ACP/WP designations should be referred to another judge, rather than being inspected and adjudicated by the accuser.

## I.     INTRODUCTION

In both of these cases, the parties filed stipulations of dismissal so there are no longer any inter-party disputes or adverse parties in this case.  The Court has retained jurisdiction to investigate certain accusations the Court has asserted against Swirlate and its attorneys.  Swirlate's concern is that the Court has ordered the production of Swirlate's ACP/WP documents (including ACP/WP documents related to Swirlate's preparation for the hearing) for the Court's review prior to the hearing while the Court has stepped into the shoes of the adverse party and

---

[1] Citations are to the docket in C.A. No. 1:22-cv-00235.  The identical order was entered in C.A. No. 1:22-cv-00249

1

accuser.

The Supreme Court has stated that "an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016).  Here, the Court is both the accuser and the adjudicator.  Ordinarily, a dispute over ACP/WP arises when an adverse party challenges the ACP/WP designation of another party.  Then the documents are submitted to the neutral adjudicator for *in camera* inspection and determination.  However, there are no adverse parties and instead the Court has stepped into the shoes of the adverse party.  The Court is also simultaneously serving as the adjudicator in this case.  The Court ordered Swirlate to appear for a public hearing under threat of sanctions and simultaneously ordered production of Swirlate's ACP/WP documents for review.  The Court as the accuser should not be reviewing Swirlate's documents marked ACP/WP in preparation for questioning Swirlate and its attorneys at the hearing.  Any challenge to whether such documents are ACP/WP should also not be adjudicated by an adjudicator that is also the accuser/prosecutor.  In this situation, a reasonable person would conclude that the judge's impartiality might reasonably be questioned if the judge/accuser also adjudicated whether documents were privileged, work product, or are admissible.  To avoid such a questions of impartiality, any inspection of the ACP/WP documents should be performed by a judge who is not the accuser.

Swirlate also requests that the hearing be sealed to the extent the Court is investigating issues related to accusations of ethical violations, which are confidential.

## II.    BACKGROUND AND STATEMENT OF FACTS

The Court stated that "I had reason to believe that many if not all the findings set forth in *Nimitz II*[2] would apply with respect to Swirlate and its counsel." (D.I. 26 at 14).  The evidence from these cases that the Court relied on for its accusation that Swirlate and its attorneys committed fraud on the court was that Swirlate is "a Texas LLC with a single owner and managing member." (D.I. 37 at 14).  In view of this evidence, the Court started its investigation.

The Court held a hearing on January 17, 2024, limited solely to whether Swirlate's attorneys complied with their ethical obligations.  As a result of the hearing, the Court stated that there were concerns that that Swirlate's attorney, Mr. Bennett, complied with his ethical obligations and ordered that Swirlate and its attorneys produce documents responsive to a broad range of document categories. (D.I. 32 at 1).  Because the Court stated that the document production resulting from questions regarding Mr. Bennett's compliance with his ethical obligations, Swirlate filed a motion for clarification requesting that, in relevant part, the Court

---

[2] *Nimitz Techs. LLC v. Cnet Media, Inc.*, 2022 U.S. Dist. LEXIS 215395 (D.Del. Nov. 30, 2022)

3

narrow the set of requests to solely the issue raised. (D.I. 33 at 7-8). The Court issued a revised order that still required production of documents outside the scope of the ethics issues again including all correspondence between Swirlate and its attorneys on the "cancelled December 6, 2022" hearing. (D.I. 34 at 3-4).

On March 14, 2024, Swirlate and its attorneys produced documents responsive to the Court's Order for *in camera* inspection but redacted and withheld certain information that was ACP/WP or other protection or third-party confidential information, and submitted a privilege log along with a letter explaining the case law supporting Swirlate's ACP/WP designations. (D.I. 35, 36). As explained in the letter, because the production was limited to an ethics issue, Swirlate was only required to produced non-privileged information. (D.I. 36 at 2 n.1).

On August 28, 2024, the Court issued a new order that for the first time accuses Swirlate and its attorneys of fraud on the Court. (D.I. 37 at 26). The order required Swirlate and its attorneys to submit unredacted documents along with "any other documents it withheld" (*i.e.*, Swirlate's ACP/WP information). (*Id.* at 26). The Court held that the production of documents does not waive Swirlate's privilege and/or work product immunity. (*Id.* at 22-23). There has been no challenge to the ACP/WP designation of any Swirlate document. The Court also rescheduled the December 6, 2022, hearing for September 18, 2024, and ordered

Mr. Bennett and Ms. Gamez to appear at the hearing in person for questioning under threat of sanctions. (*Id.* at 12, 25, 26).

### III.  ARGUMENT

The Court should reconsider its review of Swirlate's ACP/WP materials because there is an unconstitutional potential for bias when the accuser is also the adjudicator. Pursuant to 28 U.S.C. §455(a), any judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." Here, the parties have filed stipulations of dismissals so there are no adverse parties. Instead, the Court is the accuser who is also adjudicating discovery issues by ordering witnesses to appear for questioning under threat of sanction and ordering production of Swirlate's ACP/WP documents for the Court's review. A reasonable person would find in this situation that the judge's impartiality might reasonably be questioned if the Court were to review and adjudicate the assertion of ACP/WP for documents.

If the Court is continuing its investigation into alleged ethical violations by Swirlate's attorneys, that investigation should be confidential and the courtroom should be sealed.

### A. The Judge as the Accuser Should Not Have Access to the Swirlate's ACP/WP Information or Adjudicate AC/WP or Admissibility Because the Judge's Impartiality Might be Reasonably Questioned

The Supreme Court "has determined that an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case." *Williams*, 579 U.S. at 8. "To show insufficient procedural safeguards, a plaintiff 'does not need to prove a stacked deck to prevail; rather, all []he needs to establish is that the [judge] was infected with the appearance of non-objectivity.'" *Paparo v. Borough of Yead*on, 2022 U.S. Dist. LEXIS 183850, *16-17 (E.D.Pa. Oct. 7, 2022) (internal quotes removed). There are no adverse parties in this case because the parties filed stipulations of dismiss. Rather, the Court is the accuser because it has accused Swirlate and its attorneys of fraud on the court. (D.I. 37 at 26). The Court is also an adjudicator because it has ordered Swirlate to produce all its withheld and redacted ACP/WP documents to the accuser and ordered Swirlate to appear for a hearing under threat of sanctions. (*Id.* at 12, 25, 26). The Court is also an adjudicator because it will be ruling on whether such ACP/WP documents are properly designated. Regardless of whether there is an adjudication on the ACP/WP designation, the Court will be able to review such ACP/WP documents while being the accuser/prosecutor to question Swirlate and its attorneys on the accusations made by the Court. (D.I. 37 at 26).

Of particular concern is the production for review by the accuser of core work product doctrine documents (such as discussing conclusions, opinions, and legal theories of an attorney) that are "generally afforded near absolute protection from discovery." *In re Ford Motor Co.*, 110 F.3d 954, 962 n.7 (3rd Cir. 1997). Such information is discoverable "only upon a showing of rare and exceptional circumstances." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003). Even at a lower level of work product, the information is only discoverable upon a showing of need and hardship. *Id.* Yet, the Court has ordered the production of work product documents about Swirlate's communications including documents on Swirlate's preparation for the hearing to be reviewed by the accuser without any showing of "need and hardship" or "rare and exceptional circumstances." The Court should not have access to the documents and information designated "work product" for use in preparation for questioning Swirlate and its attorney.

Swirlate's concerns that the Court is both the accuser and adjudicator are not speculative because the Court acted as both accuser and adjudicator in *Nimitz II*. Like here, in *Nimitz II*, the Court ordered for *in camera* inspection ACP/WP of the parties. After the *in camera* inspection in *Nimitz II*, the Court then issued a memorandum adjudicating that certain documents were not privileged and made findings of facts based on that information. *Nimitz II*, 2022 U.S. Dist. LEXIS 215395, *30 n. 7; *48 n. 18, *51 n. 19, *68 n.24. In the same memorandum, the

Court also adjudicated a crime/fraud exception to the ACP/WP designation of certain documents and relied on such information in making findings of fact. *Id.*, at *30; *48, *51, *68.

The Court in these Swirlate cases is therefore acting as both an accuser and an adjudicator which has "an unconstitutional potential for bias." *Williams*, 579 U.S. at 8. Furthermore, the question is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3rd Cir. 2004). This is an objective inquiry that considers not only whether a judge is actually impartial but whether there is an appearance of impartiality. *See In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.*, 418 F.3d 277, 320 (3d Cir. 2005). Here, where the judge is acting as both the accuser and adjudicator, a reasonable person would conclude that the judge's impartiality might be reasonably questioned when reviewing ACP/WP documents and further deciding on whether such designations are proper. The Court should therefore not inspection documents marked ACP/WP and should not adjudicate whether such documents are properly entitled to ACP/WP protections. Such inspection and adjudication should be by a judge that is not the accuser.

**B.    The Court Should Seal the Courtroom for the Hearing if the Investigation Involves Ethical Violations**

The Court should seal the hearing for if the court is looking into ethical

8

violations of Swirlate's attorneys. Issues of compliance with ethical obligations should be conducted in a confidential manner. *See, e.g.*, Rule 83.6(e) of Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("If an investigation is warranted, the Chief Judge or another Judge of the Court may appoint counsel from the Bar of this Court to conduct a confidential investigation of the matter. Complaints, and any files based on them, shall be treated as confidential unless otherwise ordered for good cause shown."); Rule 13(a) of the Delaware Lawyers' Rules of Disciplinary Procedure ("Prior to the Hearing Panel's submission to the Court of its final report, and except as otherwise described in these rules, disciplinary and disability proceedings and the official record in such matters are confidential"); Ill. Sup. Ct. R. 766 (disciplinary investigations and proceedings "shall be private and confidential"). If questions are raised related to alleged ethical violations, the courtroom should therefore be sealed.

## CONCLUSION

Swirlate respectfully requests that the Court reconsider its order for Swirlate to produce its ACP/WP documents for *in camera* inspection by the Court. Instead, a judge that is not an accuser should perform the *in camera* inspection and adjudicate whether ACP/WP assertions are proper prior to any review of the

9

documents by the Court. Furthermore, any investigation into issues of ethical violations should be conducted in a sealed courtroom.

| | |
|---|---|
| September 6, 2024 | CHONG LAW FIRM, P.A. |
| | |
| | */s/ Jimmy Chong* |
| OF COUNSEL: | Jimmy Chong (#4839) |
| David R. Bennett | 2961 Centerville Road, Suite 350 |
| Direction IP Law | Wilmington, DE 19808 |
| P.O. Box 14184 | Telephone: (302) 999-9480 |
| Chicago, IL 60614-0184 | Facsimile: (302) 800-1999 |
| (312) 291-1667 | Email: chong@chonglawfirm.com |
| dbennett@directionip.com | |
| | *Attorneys for Plaintiff* |
| | *Swirlate IP LLC* |

## CERTIFICATION OF COMPLIANCE

I hereby certify that the present brief complies with the type, font, and word limitations set forth in Judge Connolly's Standing Order Regarding Briefing in All Cases, dated November 6, 2019. The word count for the brief is 2,060 words.

*/s/ Jimmy Chong*
Jimmy Chong (#4839)

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Jimmy Chong*
Jimmy Chong (#4839)